UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: FRANCISCO LARA        Case No. 12-58144 SLJ

_____ /    FIRST AMENDED CHAPTER 13 PLAN
            Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of **$ 1,215.00x4, then $2216 thereafter** each month. Initial attorneys fees are requested in the amount of **$6,000.00**

_____ Debtor(s) elect a voluntary wage order

2. From the payments received, the Trustee will make disbursements as follows:

   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|---|---|---|---|---|
| **Bank of America** | $445,000.00 | $106,446.66** | 0 | 0 |
| **HSBC Bank Nevada** | $4,406.00 | 0 | $100.00 | 3.25% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
      _X_ at a rate of **0** cents on the dollar. The estimated term of the plan is **60** months. (Percentage Plan)
      ____ the sum of payable over months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| **Bank of America** | $2,248.35 | | |

5. The date this case was filed will be the effective date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   _X_ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   ____ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor will avoid the second deed of trust in favor of **REAL TIME RESOLUTIONS, INC., as agent for Bank of America fka Countrywide Home Loans, Inc., ITS SUCCESSORS AND ASSIGNS** by way of adversary proceeding or motion on the grounds that such deed of trust is wholly unsecured. The Trustee shall make disbursements to the creditor pursuant to Section 2(d).

8. *The Debtor does not waive the right to challenge ownership/servicer/secured status of loan no. xxxxx9871.

9. **The Debtor reserves the right to challenge this arrearage amount.

Dated: April 11, 2013        /s/ Francisco Lara        _____
                              Debtor                    Debtor

I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: April 11, 2013                /s/ Susan D. Silveira
                                     Attorney for Debtor(s)